UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:08-CV-348-R

STATE FARM MUTUAL AUTOMOBILE                                        PLAINTIFF
INSURANCE COMPANY, Bloomington, Illinois

v.

UNITED STATES OF AMERICA                                            DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion to Dismiss (Docket #11). Plaintiff has responded (Docket #13). Defendant has replied (Docket #15). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

This matter arises from an automobile accident that occurred on June 4, 2005 in Elizabethtown, Kentucky. State Farm Mutual Automobile Insurance Company ("State Farm") alleges that an employee of the United States Navy, Richard D. Ayers, while acting within the scope of this employment with the United States, negligently operated a motor vehicle, causing it to collide with another motor vehicle occupied by State Farm's insureds. State Farm has since paid basic reparations benefits to its insureds in the amount of $10,205.54. State Farm now seeks subrogation from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

## STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for lack of subject-matter jurisdiction. "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v.*

*Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

Here, the United States attacks State Farm's claim of jurisdiction on its face. Accordingly, the Court will "construe the complaint in a light most favorable to the plaintiff, accept as true all of plaintiff's well-pleaded factual allegations, and determine whether the plaintiff can prove no set of facts supporting [the] claims that would entitle him to relief." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Ludwig v. Bd. of Trs. of Ferris State Univ.*, 123 F.3d 404, 408 (6th Cir. 1997)).

## ANALYSIS

The United States moves to dismiss the present action consistent with the Sixth Circuit's decision in *Young v. United States*, 71 F.3d 1238 (6th Cir. 1995). State Farm argues that the Kentucky Supreme Court's decision in *City of Louisville v. State Farm Mutual Automobile Insurance Company*, 194 S.W.3d 304 (Ky. 2006), abrogates the Sixth Circuit's holding in *Young*, thereby entitling State Farm to subrogation liability from the Untied States. The Court will now consider what impact, if any, *City of Louisville* has on *Young*.

The facts of *Young* are substantially similar to the present case - an insurer sought to recover from the United States reparation benefits it paid to its insureds after a United States postal employee collided with the insureds' vehicle. 71 F.3d at 1241. The insurer likewise sued

the United States under the Federal Tort Claims Act. *Id.* As in this case, the issue before the Sixth Circuit was whether the United States had to reimburse the insurer for the basic reparation benefits it paid to its insureds. *Id.* at 1242.

The Sixth Circuit began its analysis with an examination of the Federal Tort Claims Act, which "grants a limited waiver of sovereign immunity and allows tort claims 'in the same manner and to the same extent as a private individual under like circumstances.'" *Id.* at 1241 (quoting 28 U.S.C. § 2674). The court reasoned that because "there is no general civil tort liability applicable to the United States," *Friedman v. United States*, 927 F.2d 259, 261 (6th Cir. 1991), whether the United States must reimburse an insurer for basic reparation benefits paid to an insured is to be determined by reference to state law, which in *Young*, and in the present case, meant the Kentucky Motor Vehicle Reparations Act ("KMVRA"). *Id.* at 1242.

Kentucky has a no-fault automobile insurance law. *Id.* Generally, "protection from tort liability is granted to those persons or entities that qualif[y] as 'secured persons' under the statute." *Id.* (citing KRS § 304.39-070(2)). "Where an unsecured party causes injury, a reparation obligor that is obligated to pay basic reparation benefits may seek reimbursement from the party." *Id.* at 1243 (citing KRS § 304.39-070(2)). However, "[w]here a secured party is involved, a reparation obligor has the 'right to recover basic reparation benefits paid to or for the benefit of a person suffering the injury from the *reparation obligor* of a secured person.'" *Id.* (quoting KRS § 304.39-070(3) (emphasis added)).

In *Young*, the insurer argued that the United States was liable for subrogation tort claims as a "reparation obligor" because "tort liability as between two reparation obligors has not been abolished under the Kentucky no-fault statute." *Id.* The United States, in contrast, argued that it

3

was not liable because it qualified as a secured person immune from reparation benefits liability under the statute. *Id.* Thus, whether or not the United States was liable turned on whether it was treated as a "reparation obligor" or a "secured person" for subrogation purposes under the KMVRA. *Id.*

For reasons irrelevant to the present case, the Sixth Circuit concluded that the United States did not qualify as a "reparation obligor" under the KMVRA. *Id.* Because the United States did not qualify as a "reparation obligor," the Sixth Circuit reasoned that the only other way the United States could be held liable was "if it were deemed to be an unsecured party falling outside of the protection afforded to secured parties under the KMVRA." *Id.* at 1244.

A "secured person" is defined under KRS § 304.39-070(1) as the "owner, operator or occupant of a secured motor vehicle, and any other person or organization legally responsible for the acts or omissions of such owner, operator or occupant." *Id.* at 1245. Because the United States was legally responsible for the postman's acts or omissions, the Sixth Circuit held that the United States occupied a position to that similar to a "secured person" under the statute. *Id.*

"To be exempt from liability for subrogation claims, however, not only must the United States stand in circumstances similar to those of a secured party, but the vehicle involved in the accident must have been a 'secured motor vehicle.'" *Id.* (citing KRS § 304.39-070(1)). The Kentucky no-fault statute does not define "secured motor vehicle." *Id.* However, it does define the word "security" as "any continuing undertaking complying with this subtitle, for payment of tort liabilities, basic reparation benefits, and all other obligations imposed by this subtitle." *Id.* at 1242 (citing KRS § 304.39-020(17)). The Sixth Circuit reasoned that the postal truck was a secured motor vehicle because the United States provided "other security" for the vehicle under

4

two statutes, the Federal Employees Compensation Act, 5 U.S.C. §§ 8101-8193, and the Federal Tort Claims Act. *Id.* at 1245. The Sixth Circuit also found that the postal truck qualified as a secured motor vehicle because the coverage on the two federal statutes exceeded the amount of coverage mandated under the KMVRA. *Id.* The Sixth Circuit concluded that with these two federal statutes, "the United States ha[d] thus provided the functional equivalent of basic reparation benefits under [the KMVRA]." *Id.*

In *City of Louisville*, an insured was injured when an employee of the city of Louisville, while driving an unmarked police vehicle owned by the city, collided with the insured's vehicle. 194 S.W.3d at 305-06. After paying the insured basic reparation benefits, the insurer brought suit for subrogation liability from the city. *Id.* at 306. The issue before the Kentucky Supreme Court was whether the city qualified as a "secured person" within the meaning of the KMVRA. *Id.*

The Kentucky Supreme Court explained that if there is no "security covering the vehicle," as required under KRS § 304.39-080(1), then the vehicle is not a secured vehicle and the owner and operator are not "secured persons." *Id.* at 307. KRS § 304.020(17) defines "security" as "any continuing undertaking complying with this subtitle, for payment of tort liabilities, *basic reparation benefits,* and all other obligations imposed by this subtitle." *Id.* (emphasis added). Because the city had opted not to provide basic reparation benefits for its vehicles, the court held that it had failed to meet the requisite definition of security covering the vehicle. *Id.* Thus, because the vehicle was not a secured vehicle, the city was not a secured person with the meaning of the KMVRA. *Id.*

State Farm reads *City of Louisville* to state that any person or entity that has not procured

5

insurance or posted the proper bonds with the Kentucky Department of Insurance is not a secured party.  Because the United States, like the city in *City of Louisville*, has opted not to provide basic reparation benefits for its vehicles, State Farm argues that its vehicles are not secured motor vehicles, making the owners and operators of those vehicles not secured persons under the KMVRA.  The United States admits in response that it does not provide automobile insurance for its vehicles.  Therefore, under *City of Louisville*, the United States does not qualify as a secured person.

However, the United States argues that the Federal Tort Claims Act does not require it to "stand perfectly in the shoes of a private person."  Instead, the United States argues that because it best resembles a secured person under the KMVRA, it should be treated as one.  Citing *Young*, the United States argues that it best resembles a secured person because it provides security for its vehicles through the Federal Tort Claims Act and the Federal Employees Compensation Act.  In other words, the United States argues that because the Sixth Circuit determined in *Young* that Federal Tort Claims Act and the Federal Employees Compensation Act constitute sufficient "security covering the vehicle" under the KMVRA, 71 F.3d at 1245, that determination remains regardless of the Kentucky Supreme Court's subsequent determination in *City of Louisville* that "security covering the vehicle" means "any continuing undertaking . . . for payment of tort liabilities, basic reparations benefits, and all other obligations imposed" under the KMVRA, 194 S.W.3d at 307 (quoting KRS § 304.39-020(17)).

The Sixth Circuit held in *Young* that, although the United States has not opted to provide basic reparation benefit coverage, it has nonetheless "satisfied its financial obligation under the state statutory scheme" via the Federal Tort Claims Act and the Federal Employees

Compensation Act. *Young*, 71 F.3d at 1246. Because the United States provides "the functional equivalent" of the security required by the KMVRA, it provides the necessary security that the city lacked in *City of Louisville*. *See Young*, 71 F.3d at 1245. Therefore, as a matter of federal law, the holding if *City of Louisville* is inapplicable to the present case because the Sixth Circuit has determined that the United States provides the functional equivalent of basic reparation benefits under Kentucky law. For these reasons, the Court adopts the holding of the Sixth Circuit in *Young* and finds that the United States qualifies as a secured person under the KMVRA.

The Court is aware of the irony of its determination. The purpose of the KMVRA is "to assure that a driver be insured to a minimum level." *State Farm Mut. Auto. Ins. Co. v. Marley*, 151 S.W.3d 33, 39 (Ky. 2004) (quoting *State Farm Mut. Auto. Ins. Co. v. Smith*, 812 F.Supp. 141, 144 (S.D. Ind. 1992)). The United States provides this minimum insurance via the Federal Tort Claims Act and the Federal Employees Compensation Act, and yet under the Federal Tort Claims Act, State Farm cannot recover because the United States is immune from subrogation. Because the United States is a secured person immune from subrogation, its drivers are, for all intents and purpose, effectively uninsured as to insurance providers. Nonetheless, the Court finds that this outcome is correct given the current state of the law.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.

An appropriate order shall issue.